UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY LEE WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF HENDERSON, *et al.*,<br><br>    Defendants. | Civil No. 09cv1603-L(WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE WITH LEAVE TO AMEND** |

  Plaintiff Henry Lee Wallace filed a defamation action in state court against author Jeff Henderson and his publishers Harper Collins and William Morrow, an Imprint of Harper Collins Publishers. The action was removed to this court based on diversity jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441. Plaintiff alleges he is one of the individuals portrayed in Mr. Henderson's autobiography and that his description is defamatory. Defendants filed a motion to strike pursuant to Section 425.16 of California Code of Civil Procedure. Plaintiff filed an opposition. For the reasons which follow, Defendants' special motion to strike is **GRANTED WITH LEAVE TO AMEND**.

  Mr. Henderson's book describes his transformation from a felon to an award-winning chef. At issue is a paragraph in Mr. Henderson's book which describes his life in prison where Plaintiff was also incarcerated. Plaintiff claims that the following paragraph refers to him:

> Back in the unit, this OG dude named Love Bug let us know he had some heat for us if we needed it, but I didn't want to be caught holding a shank. Love Bug was

> huge, could bench four hundred pounds easy, and was the governor of the yard – and he was a gump. He would wear a T-shirt tied up under his chest like a woman and skintight dolphin shorts with his cheeks hanging out the bottom, and he always wore extra Vaseline on his lips. He was running his own store out of three lockers. If you were broke, he'd give you a pack of smokes, and you would have to give him back two. If you didn't pay him back, he'd make you let him give you head.

Jeff Henderson, Cooked 107 (William Morrow 2007). Plaintiff claims that he is Love Bug and that the paragraph is defamatory because it portrays him as possessing and distributing fire arms to other inmates and forcing inmates to engage in sexual acts in exchange for goods.

California substantive law[1] applies in this diversity action. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Defendants moved to strike the complaint pursuant to California Code of Civil Procedure Section 425.16 ("Anti-SLAPP Motion"). California legislature enacted section 425.16 ("Anti-SLAPP Law") to stem "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code Civ. Proc. § 425.16(a). Based on policy considerations, section 425.16 is construed broadly. *Id*. Under the statute,

> [a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

*Id*. § 425.16(b)(1). Defendants argue the action is barred because it is baseless and arises out of and is based on communications in furtherance of their constitutional right to free of speech in connection with an issue of public interest. *Id*. § 425.16(e)(4).

"[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law

---

[1] "[A] federal court interpreting state law is bound by the decisions of the highest state court. . . . Where the state supreme court has not spoken on an issue presented to a federal court, the federal court must determine what result the state supreme court would reach based on state appellate court opinions, statutes, and treatises." *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994) (citations omitted). Accordingly, Defendants' citations to cases which apply the law of other states and federal district court cases interpreting California law are not binding authority in this case.

claims." *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). However, procedural requirements under California law are "not used in federal court if to do so would result in a direct collision with a Federal Rule of Civil Procedure." *Id.* (for example, "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with [Rule] 15(a)'s policy favoring liberal amendment").[2]

> Ruling on an anti-SLAPP motion entails a two-step process:
>
> First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken in furtherance of the defendant's right of petition or free speech . . .. If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.

*Equilon Enters, LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002) (internal quotation marks, citations and brackets omitted).

First, Defendants must make a "threshold showing" "that the act or acts of which the plaintiff complains were taken in furtherance of the [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue [or an issue of public interest]." *Hilton v. Hallmark Cards*, __ F.3d __, 2010 WL 1039872 at 5 (9th Cir. Mar. 23, 2010) (brackets in original), quoting *Equilon Enters.,* 29 Cal.4th at 67. Specifically, Defendants must show that the sale of Mr. Henderson's book was "in connection with a public issue or an issue of public interest." *See Hilton*, 2010 WL 1039872 at 6.

The Anti-SLAPP Law protects four categories of acts. *See* Cal. Code Civ. Proc. § 425.16(e). Defendants argue that this case fits into the fourth category, which applies to "any . . . conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public

---

[2] Irrespective of the source of subject matter jurisdiction and irrespective of whether the substantive law at issue is state or federal, in federal court, procedure is governed by federal law, particularly when an issue is directly covered by the Federal Rules of Civil Procedure. *Hanna v. Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003).

interest." *Id*. § 425.16(e)(4). Plaintiff disputes that Mr. Henderson's book relates to an issue of public interest.

"Issue of public interest" is not defined in the statute and "[t]he California Supreme Court has not clearly established what constitutes an issue of public interest . . .." *Hilton*, 2010 WL 1039872 at 6. The decisions of California Courts of Appeal on this issue are divergent. *See id.* at 8 n.10. It is undisputed that Mr. Henderson's book was successfully distributed and attained the status of a New York Times Bestseller. The court must therefore conclude that it was a topic of widespread public interest. *See Kronemyer v. Internet Movie Data Base, Inc.* 150 Cal. App. 4th 941, 949 (2007) (information about the motion picture "My Big Fat Greek Wedding" was a topic of widespread public interest because it was a successful independent motion picture).[3] Accordingly this action falls within the bounds of section 425.16(e)(4).

Defendants, however, have only passed the threshold. "[T]he statute does not bar a plaintiff from litigating an action that arises out of the defendant's free speech or petitioning; it subjects to potential dismissal only those actions in which the plaintiff cannot state and substantiate a legally sufficient claim." *Navellier v. Sletten,* 29 Cal. 4th 82, 93 (2002) (internal citations, quotation marks, and alternations omitted). This means that "the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id*. at 88-89. "At this second step of the anti-SLAPP inquiry, the required probability that [the plaintiff] will prevail need not be high. The California Supreme Court has sometimes suggested that suits subject to being stricken at step two are those that 'lack[ ] even minimal merit.'" *Hilton*, 2010 WL 1039872 at 9, quoting *Navellier*, 29 Cal. 4th at 89.

Defendants claim that the action is barred by the one-year statute of limitations, which began to run on the publication date of the book, February 20, 2007. The statute begins to run regardless of when the plaintiff discovers the alleged defamation. *Shively v. Bozanich*, 31

---

[3] *See also Nygaard, Inc. v. Uusi-Kerittula*, 159 Cal. App. 4th 1027, 1042 (Ct. App. 2d Dist. 2008) (issue of public interest is any issue in which the public is interested); *cf. Weinberg v. Feisel*, 110 Cal. App. 4th 1122, 1131 (Ct. App. 3d Dist. 2003) (public interest does not equate with mere curiosity).

Cal.4th 1230, 1245 (2003). Plaintiff's verified complaint was filed on October 8, 2008, after the statute had expired. He argues that the statute was tolled during his incarceration pursuant to California Code of Civil Procedure Section 352.1. He was not released from prison until late October 2007. Because the facts supporting Plaintiff's tolling argument are not alleged in the complaint, and because on the face of the complaint it appears that the statute of limitations has expired, Defendants' motion is granted. However, because it also appears that Plaintiff can allege facts showing that the statute was tolled, his request for leave to amend is granted. *See Verizon Del.*, 377 F.3d at 1091.

Defendants next argue that Plaintiff cannot show that he is Love Bug referenced in the book, because the book does not identify Plaintiff by his actual name. "If there is no express reference to the plaintiff in a defamatory statement, the claim will fail unless the statement refers to the plaintiff by reasonable implication." *SDV/ACCI, Inc. v. AT&T Corp.*, 522 F.3d 955, 959 (9th Cir. 2008) (applying Cal. law). In support of their argument, Defendants point to Plaintiff's rap sheet showing that Plaintiff was 6 feet tall and weighed 175 pounds (*see* Compl. Ex. B at 9), whereas Love Bug was huge and could bench press four hundred pounds. This is unpersuasive because the rap sheet is dated March 14, 1978. Mr. Henderson was incarcerated with Plaintiff no earlier than 1986. (*See* Henderson, Cooked, photographs.)[4] The description of Plaintiff's physical appearance in the rap sheet is therefore outdated. Moreover, the rap sheet indicates that Plaintiff had love bug and a heart tattooed on his left arm. (Compl. Ex. B at 9.) Plaintiff also provided evidence showing that he was known as Love Bug. (Pl.'s Ex. C (docket no. 31-2, page 29 of 29).) Defendants' argument that Plaintiff cannot show with reasonable implication that Love Bug in the book refers to him is therefore rejected.

Defendants also contend that to the extent Plaintiff can show that he is Love Bug, he cannot show that the statements in the book about him are false. Falsity is one of the elements of

---

[4] The insert with photographs in the middle of the book shows Mr. Henderson before he was incarcerated with his 1986 Nissan truck. Another photograph shows him in 1983 and states he was twenty years old. The description of another photograph states that his 24th birthday was his last before incarceration. Accordingly, it appears that Mr. Henderson could not have encountered Plaintiff behind bars before 1986.

defamation. Cal. Code Civ. Proc. §§ 44-46. In support of this argument, they provide Mr. Henderson's affidavit stating the basis for his belief that the statements in the book are true. However, the declaration does not address the statement that Love Bug was offering fire arms to other inmates. (*See* Decl. of Jeffrey Henderson.) Plaintiff contends, among other things, that this portrayal of him is untrue. However, because the complaint does not allege what is defamatory about the challenged passage of the book, Defendants' motion is granted on this alternative ground. Plaintiff's request for leave to amend is also granted.

Defendants' contention that they were not negligent in publishing the passage about Plaintiff is also rejected. Neither Mr. Henderson nor Mr. Ferris, whose declarations are offered to address this issue, indicate that they gave any thought to the statement which portrays Plaintiff as possessing and distributing weapons to other inmates. (*See* Decl. of Jeffrey Henderson & Decl. of Henry Ferris.)

Last, Defendants argue that Plaintiff cannot prevail on a defamation claim because, as a convicted felon, he has no reputation to protect and therefore could not prove any damages. In certain defamation cases proof of damages is not required because the jury may award the plaintiff "presumed damages." *Sommer v. Gabor*, 40 Cal. App. 4th 1455, 1472-73 (1995). If a jury finds

> that defendant published matter that was defamatory on its face and it found by clear and convincing evidence that defendant knew the statement was false or published it in reckless disregard of whether it was false, then the jury also may award plaintiff presumed general damages. Presumed damages are those damages that necessarily result from the publication of defamatory matter and are presumed to exist. They include reasonable compensation for loss of reputation, shame, mortification, and hurt feeling. No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for presumed damages, and no evidence of actual harm is required. Nor is the opinion of any witness required as to the amount of such reasonable compensation.

*Id*. at 1472. In awarding presumed damages, the jury may exercise its discretion to award an insignificant amount. *Id*. at 1472-73. The fact that it appears that Plaintiff's damages in this case may be very small, does not preclude him from asserting a defamation claim.

Based on the foregoing, Defendants' motion is **GRANTED**. The complaint is **DISMISSED WITH LEAVE TO AMEND**. If Plaintiff chooses to file an amended complaint

pursuant to this order, he must file and serve it no later than **April 26, 2010**. Defendants shall file and serve any response to the amended complaint within the time set in Rule 15(a)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: March 30, 2010

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, Jr.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL